1   Gregory C. Nuti (Bar No. 151754)
    Schnader Harrison Segal & Lewis LLP
2   One Montgomery Street, Suite 2200
    San Francisco, CA  94104-5501
3   Telephone: 415-364-6700
    Facsimile: 415-364-6785
4   gnuti@schnader.com

5   Arlene P. Messinger
    Assistant General Counsel for SBIC Enforcement
6   U.S. Small Business Administration
    409 3rd Street, S.W., Seventh Floor
7   Washington, D.C. 20416
    Telephone (202) 205-6857
8   Facsimile (202) 481-0325

9   Attorneys for Plaintiff,
    United States Small Business Administration in its
10  capacity as Receiver for Alto Tech II, L.P.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

<table>
<tr><td>

14  United States Small Business Administration in
15  its capacity as Receiver for Alto Tech II, L.P.,

16              Plaintiff,

17      vs.

18  Alto Tech Ventures, LLC, a Delaware limited
    liability company; Alto Tech Management ,
19  LLC, a California limited liability company;
    Gloria Chen Wahl, an individual; Walter T.G.
20  Lee, an individual and Thanos Triant, an
    individual,

21              Defendants.

22

</td><td>

Case No. C 07-4530 SC

**CERTIFICATE OF SERVICE**

</td></tr>
</table>

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

SFDATA 627812_1

NAME ADDRESS AND TELEPHONE NUMBER OF ATTORNEY

GREGORY C. NUTI
SCHNADER, HARRISON, SEGAL & LEWIS
1 Montgomery Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-6700


ATTORNEY(S) FOR:  Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION, etc.<br><br>                    Plaintiff,<br><br>           V.<br><br>ALTO TECH VENTURES, LLC, et al.<br><br>                    Defendant. | CASE NUMBER<br>C07-4530 SC<br><br><br>**DECLARATION OF SERVICE** |

At the time of service I was a citizen of the United States, over the age of eighteen, and not a party to this action; I served copies of the:

SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO; ECF REGISTRATION INFORMATION HANDOUT; NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION


in the within action by personally delivering true copies thereof to the person served as follows:

Served            :  THANOS TRIANT

By serving        :  Simone Silva, Competent Member of Household

Address           :  (Home)
                     2170 Stockbridge Avenue
                     Woodside, CA 94062

Date of Service   :  September 6, 2007

Time of Service   :  8:24 PM

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Date: September 7, 2007


SPECIALIZED LEGAL SERVICES
1112 Bryant Street, Suite 200
San Francisco, CA 94103
Telephone: (415) 357-0500
Registered Alameda
Number 1006

Signature:_____
                    JARVIS D. HASKIN

221587

GREGORY C. NUTI
SCHNADER, HARRISON, SEGAL & LEWIS
1 Montgomery Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-6700
Attorney for: Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff : UNITED STATES SMALL BUSINESS ADMINISTRATION, etc.

Defendant : ALTO TECH VENTURES, LLC, et al.


Ref#: 221587          *  **DECLARATION OF MAILING**  *   Case No.: C07-4530 SC

At the time of service I was at least eighteen years of age and not a party
to this action and I served copies of the:

SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER SETTING INITIAL
CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; WELCOME TO THE U.S. DISTRICT
COURT, SAN FRANCISCO; ECF REGISTRATION INFORMATION HANDOUT; NOTICE OF
AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION




in the within action by placing true copies thereof in a sealed envelope
with first class postage fully prepaid thereon in the United States mail
at San Francisco, California, addressed as follows:

        THANOS TRIANT


        (Home)
        2170 Stockbridge Avenue
        Woodside, CA 94062


        Date of Mailing: September 7, 2007


Person who served papers:
JARVIS D. HASKIN                    Fee for service: $117.50
SPECIALIZED LEGAL SERVICES, INC.    Registered California process server.
1112 Bryant Street, Suite 200       (i) Employee or Independent Contractor
San Francisco, CA 94103             (ii) Registration no.: 1006
Telephone: (415) 357-0500           (iii) County: Alameda


I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.


Date: September 7, 2007              Signature_____

AO 399  (Rev. 10/95)

Clear Form

## WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, ___Gloria Chen Wahl_____   ⊞ , acknowledge receipt of your request
(DEFENDANT NAME)

United States Small Business Administration in capacity as
that I waive service of summons in the action of ___Receiver for Alto Tech II L.P. v. Alto Tech Ventures, et___ ⊞ ,
(CAPTION OF ACTION)

which is case number  __C 07-4530 SC_____  in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

　　　I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

　　　I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

　　　I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

　　　I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after

September 5, 2007 　　　　　 '
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

September 14, 2007 　　　　　　　　　　　_____
(DATE)　　　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE)

Printed/Typed Name:　　Chung-Han Lee

As　___Attorney___　of　___Gloria Chen Wahl___
(TITLE)　　　　　　　　　　(CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

　　　It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.

　　　A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

©AO 399  (Rev. 10/95)

Clear Form

## WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Walter T.G. Lee _____ ⊞ , acknowledge receipt of your request
      (DEFENDANT NAME)

that I waive service of summons in the action of
United States Small Business Administration in capacity as
Receiver for Alto Tech II, L.P. v. Alto Tech Ventures, et ⊞ ,
(CAPTION OF ACTION)

which is case number  C 07-4530 SC _____ in the United States District Court
                            (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                          September 5, 2007 _____ ,
                                                    (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

September 14, 2007                                (SIGNATURE)
      (DATE)

                        Printed/Typed Name:   Chung-Han Lee _____

                   As   Attorney _____   of   Walter T.G. Lee _____
                            (TITLE)                       (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.