Craig M. White (to be admitted *pro hac vice*)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606
Tel: (312) 201-2000
Fax: (312) 201-2555
white@wildman.com
chunglee@wildman.com

Damien P. Lillis (SBN 191258)
The Davis Law Firm, APC
625 Market Street, 12th Floor
San Francisco, California 94105
Tel: (415) 278-1400
Fax: (415) 278-1417
DLillis@sfdavislaw.com

Attorneys for Defendants
Gloria Chen Wahl and Walter T.G. Lee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| United States Small Business Administration in its capacity as Receiver for Alto Tech II, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> Alto Tech Ventures, LLC, a Delaware limited liability company; Alto Tech Management, LLC, a California limited liability company; Gloria Chen Wahl, an individual; Walter T.G. Lee, an individual, and Thanos Triant, an individual, <br><br> Defendants. | Case No. C 07 4530 SC <br><br><br> **DEFENDANTS GLORIA C. WAHL AND WALTER T.G. LEE'S ANSWER TO COMPLAINT** <br><br><br> **JURY DEMAND** |

## ANSWER TO COMPLAINT

Defendants GLORIA CHEN WAHL and WALTER T.G. LEE (hereinafter collectively "Defendants") state as follows for their Answer to the Complaint:

## PARTIES

1.     SBA is the duly appointed receiver for Alto Tech ("Plaintiff" or "Receiver") pursuant to the terms of that certain Stipulation for Consent Order of Receivership dated June 21, 2006 ("Consent

1

1    Order") issued by this Court in the related action captioned *United States of America v. Alto Tech II,*

2    *L.P.*, case number C06-3879 EMC, pending in this Court ("Receivership Action").  A copy of the

3    Consent Order is attached hereto as Exhibit A and incorporated herein by reference.

4          **ANSWER:**    Defendants deny that this case is related to the action captioned *United States of*

5    *America v. Alto Tech II, L.P.*, case number C06-3879 EMC, pending in this Court.  Defendants admit the

6    remaining allegations in paragraph 1 of the Complaint.

7          2.        The Receiver was appointed for the purpose of among other things pursuing claims and

8    claimants of Alto Tech.  The Receiver maintains its principal place of business at 666 11th Street, N.W.,

9    Washington, D.C. 20001.

10         **ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the

11   truth of the allegations set forth in paragraph 2 of the Complaint, and therefore deny those allegations.

12         3.        Alto Tech is a limited partnership formed under the laws of the State of Delaware

13   pursuant to that Certain Agreement of Limited Partnership of Alto Tech II, LP dated and effective as of

14   April 7, 2000 (the "Partnership Agreement").  A copy of the Partnership Agreement is attached hereto as

15   Exhibit B.

16         **ANSWER:**    Defendants admit the allegations in paragraph 3 of the Complaint and admit that

17   the Partnership Agreement is attached to the Complaint as Exhibit B.  Defendants specifically deny that

18   Gloria C. Wahl or Walter T.G. Lee are parties to the Partnership Agreement.

19         4.        Defendant Alto Tech Ventures, LLC ("ATV") is a Delaware limited liability company

20   with its principal place of business located at 707 Menlo Avenue, Suite 120, Menlo Park, California.

21   ATV is Alto Tech's managing general partner.

22         **ANSWER:**    Defendants admit that Alto Tech Ventures, LLC is a Delaware limited liability

23   company and that ATV is Alto Tech's managing general partner.  Defendants deny that its principal

24   place of business is located at 707 Menlo Avenue, Suite 120, Menlo Park, California.

25         5.        Defendant Alto Tech Management, LLC ("ATM") is a California limited liability

26   company with its principal place of business located at 707 Menlo Avenue, Suite 120, Menlo Park,

27   California.

28   //

2

ANSWER TO COMPLAINT

**ANSWER:**    Defendants admit that Alto Tech Management, LLC is a California limited liability company, but deny that its principal place of business is located at 707 Menlo Avenue, Suite 120, Menlo Park, California.

6.    Plaintiff is informed and believes and thereon alleges that defendant Gloria Chen Wahl ("Wahl") is an individual residing at 1130 Tournament Drive, Hillsborough, California 94010.

**ANSWER:**    Defendants admit the allegations in paragraph 6 of the Complaint.

7.    Plaintiff is informed and believes and thereon alleges that defendant Walter T.G. Lee ("Lee") is an individual residing at 234 Santa Margarita Avenue, Menlo Park, California 94025.

**ANSWER:**    Defendants admit the allegations in paragraph 7 of the Complaint.

8.    Plaintiff is informed and believes and thereon alleges that defendant Thanos Triant ("Triant") is an individual residing at 2170 Stockbridge, Woodside, California 94062.

**ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore deny those allegations.

9.    At all times herein mentioned, each defendant was an agent, servant, joint venturer of and with other defendants herein named and, in doing the acts herein alleged, were acting within the course and scope of their authority as agents, servants, employees, and joint venturers by and with the knowledge, authority, consent, and ratification of the other defendants.

**ANSWER:**    Defendants deny the allegations in paragraph 9 of the Complaint.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

10.    This action arises under 15 U.S.C. § 687c, the Small Business Investment Act of 1958 (the "Act") as implemented by 13 CFR Part 107 (the "Regulations") and related state statutes.  The Court has jurisdiction over this action pursuant to the Consent Order, 28 U.S.C. § 1331, 15 U.S.C. §§ 687c and 687h, 28 U.S.C. §§ 754, and 1692 and 1367.  Those causes which arise under the laws of the State of California and Delaware are pendent or ancillary causes under 28 U.S.C. § 1367 to the Receivership Action referred to in Paragraph 1 above.

**ANSWER:**    The allegations of paragraph 10 of the Complaint are in the form of legal conclusions, to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 10 of the Complaint.

ANSWER TO COMPLAINT

11.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because the Defendants maintain offices, transact business, and reside within the District.  Venue is also proper pursuant to 28 U.S.C. § 754 as this action is ancillary to this Court's exclusive jurisdiction over the Receivership Estate of Alto Tech.

**ANSWER:**    Defendants admit that Defendants Alto Tech Ventures, LLC and Alto Tech Management, LLC maintain offices and transact business within the District.  Defendants also admit that Defendants Gloria C. Wahl and Walter T.G. Lee reside within the District.  The remaining allegations of paragraph 11 of the Complaint are in the form of legal conclusions, to which no response is required.  To the extent a response may be required, Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.    The assignment of this action to the San Francisco division of this Court is proper pursuant to Civil Local Rule 3-2(c) as a substantial part of the event giving rise to the claims occurred in San Mateo county.

**ANSWER:**    The allegations of paragraph 12 of the Complaint are in the form of legal conclusions, to which no response is required.  To the extent a response may be required, Defendants deny the allegations in paragraph 12 of the Complaint.

## COMMON ALLEGATIONS

13.    Under the Receivership Order, this Court has charged the Receiver with pursuing and preserving all claims of Alto Tech.  The Receiver has determined that certain of the acts and omissions described herein provide private, civil causes of action in favor of Alto Tech.  Congress passed the Act and the Regulations to encourage the growth of small businesses by compensating for the difficulty they may have in obtaining financing from conventional lenders.  To accomplish this objective, the Act authorizes the SBA to license Small Business Investment Companies ("SBICs") to provide capital to small business concerns in strict conformance with the Act and the Regulations.

**ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore deny those allegations.  In addition, certain allegations of paragraph 13 of the Complaint are in the form of legal conclusions, to which no response is required.  Defendants also respond that the legislative history and legislative

4

1    purpose of the Act speak for themselves.  To the extent a response may be required, Defendants deny

2    those allegations of paragraph 13 of the Complaint.

3        14.    The Act authorizes the SBA to prescribe regulations governing the operations of SBICs,

4    15 U.S.C. § 687(c).  SBA has exercised that authority and has promulgated regulations reported in Part

5    107 of Title 13 of the Code of Federal Regulations (the "Regulations").

6        **ANSWER:**    The allegations of paragraph 14 of the Complaint are in the form of legal

7    conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations

8    speak for themselves.  To the extent a response may be required, Defendants deny the allegations in

9    paragraph 14 of the Complaint.

10        15.    SBICs are required to comply with all provisions of the Act and Regulations, which

11    together impose reporting requirements and limitations on the activities of SBICs' managers, partners,

12    officers, directors, employees and shareholders.

13        **ANSWER:**    The allegations of paragraph 15 of the Complaint are in the form of legal

14    conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations

15    speak for themselves.  To the extent a response may be required, Defendants deny the allegations of

16    paragraph 15 of the Complaint.

17        16.    The SBA has, pursuant to 15 U.S.C. § 687(c), promulgated Regulations which prohibit

18    any officer, director, or shareholder from engaging in ant (*sic*) activities which would constitute a

19    violation of the Regulations.

20        **ANSWER:**    The allegations of paragraph 16 of the Complaint are in the form of legal

21    conclusions, to which no response is required.  Defendants also respond that the Regulations speak for

22    themselves.  To the extent a response may be required, Defendants deny the allegations of paragraph 16

23    of the Complaint.

24        17.    Pursuant to 15 U.S.C. § 687f(a), the Act makes it unlawful for any person who, directly

25    or indirectly, authorizes orders, participates in, or causes, brings about, counsels, aids, or abets in the

26    commission of any acts, practices, or transactions which constitute or will constitute, in whole or in part,

27    a violation of any provision of the Act or Regulations.

28    //

ANSWER TO COMPLAINT

1       **ANSWER:**    The allegations of paragraph 17 of the Complaint are in the form of legal

2   conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations

3   speak for themselves.  To the extent a response may be required, Defendants deny the allegations of

4   paragraph 17 of the Complaint.

5       18.    Pursuant to 15 U.S.C. § 687f(b), the Act makes it unlawful for any officer, director,

6   employee, agent, or other participant in the management or conduct of the affairs of an SBIC to engage

7   in any act or practice, or to omit any act, in breach of his or her fiduciary duty, if, as a result thereof, the

8   SBIC suffers or is imminent danger of suffering financial loss or other damage.

9       **ANSWER:**    The allegations of paragraph 18 of the Complaint are in the form of legal

10  conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations

11  speak for themselves.  To the extent a response may be required, Defendants deny the allegations of

12  paragraph 18 of the Complaint.

13      19.    Alto Tech was formed solely for the purpose (*sic*) operating as a venture capital fund

14  licensed as a SBIC under the Act and the Regulations.  Alto Tech at all relevant times obtained and held

15  U.S. Small Business Administration Small Business Investment Company License No. 09/79-0431.

16      **ANSWER:**    Defendants admit the allegations in paragraph 19 of the Complaint.

17      20.    At all relevant times, ATV was Alto Tech's managing general partner.  Defendants Wahl,

18  Lee, and Triant were the managing members of ATV.  The management and operations of Alto Tech,

19  including without limitation, the formulation of the investment policy vested exclusively in ATV, which

20  authority was governed and regulated by the Act and Regulations.

21      **ANSWER:**    Defendants admit the allegations in paragraph 20 of the Complaint.

22      21.    At all relevant times, ATM acted as the Investment Advisor/Manager for Alto Tech

23  pursuant to the terms of that certain Management Services Agreement between Alto Tech and ATM

24  dated April 12, 2000.  A copy of the Management Services Agreement is attached hereto as Exhibit C.

25  At all relevant times, Wahl, Lee and Triant were managing members of ATM.

26      **ANSWER:**    Defendants admit that ATM acted as the Investment Advisor/Manager for Alto

27  Tech.  Defendants also admit that Wahl, Lee and Triant were managing member of ATM.  Defendants

28  admit that a copy of the Management Services Agreement is attached as Exhibit C to the Complaint and

ANSWER TO COMPLAINT

1  state that the Management Services Agreement speaks for itself.  Defendants specifically deny that

2  Gloria C. Wahl or Walter T.G. Lee are parties to the Management Services Agreement.

3       22.     At all relevant times Andrew Wahl was married to defendant Wahl.

4       **ANSWER:**     Defendants admit the allegations in paragraph 22 of the Complaint.

5       23.     At all relevant times, defendants ATV, ATM, Wahl, Lee and Triant each were Control

6  Persons as defined by 13 CFR 107.50.

7       **ANSWER:**     The allegations of paragraph 23 of the Complaint are in the form of legal

8  conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations

9  speak for themselves.  To the extent a response may be required, Defendants admit the allegations in

10 paragraph 23 of the Complaint.

11      24.     Defendants knew or should have known that each had a duty, individually and

12 collectively, to exercise the highest degree of loyalty, care, and diligence in the management, conduct

13 and direction of the business and financial affairs of Alto Tech.

14      **ANSWER:**     Defendants deny the allegations in paragraph 24 of the Complaint.

15      25.     All persons and entities who, directly or indirectly, authorized, ordered, participated in, or

16 caused, brought about, counseled aided or abetted in the commission of any acts, practices, or

17 transactions which constituted, in whole or in part, a violation of any provision omissions could

18 foreseeably cause damage to Alto Tech for which they could be held liable.

19      **ANSWER:**     Defendants deny the allegations in paragraph 25 of the Complaint.

20      26.     The Act also requires SBA to adopt regulations for the purpose of controlling conflicts of

21 interest, 15 U.S.C. § 687d.  The SBA has adopted Regulations controlling conflicts of interest involving

22 SBICs, 13 C.F.R. § 107.730.

23      **ANSWER:**     The allegations of paragraph 26 of the Complaint are in the form of legal

24 conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations

25 speak for themselves.  To the extent a response may be required, Defendants deny the allegations of

26 paragraph 26 of the Complaint.

27      27.     13 CFR § 107.50 defines Associates of a licensed SBIC to include any of the following: a

28 Control Person, employee or agent of a Partnership Licensee; an Investment Adviser/Manger of any

ANSWER TO COMPLAINT

Licensee, including any person who contracts with a Control Person of a Partnership Licensee to be the Investment Advisor/Manager of such Licensee, any close relative of a Control Person, officer, director, employee or agent of a licensed SBIC, including their spouses.

**ANSWER:**    The allegations of paragraph 27 of the Complaint are in the form of legal conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations speak for themselves.  To the extent a response may be required, Defendants admit the allegations of paragraph 27 of the Complaint.

28.    13 CFR § 107.730 defines and prohibits financings that constitute conflicts of interest. 13 CFR § 107.730(a) prohibits self dealing to the prejudice of the SBIC, its shareholders, its partners, or the SBA and specifically prohibits financing to any Associates as defined by 13 CFR § 107.50.

**ANSWER:**    The allegations of paragraph 28 of the Complaint are in the form of legal conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations of paragraph 28 of the Complaint.

29.    As the Control Persons and principals of Alto Tech, the defendants' duties included, but were not limited to the following:

(a)    managing, conducting and directing the business and financial affairs of Alto Tech in accordance with the Act, Regulations, Partnership Agreement, and Management Agreement applicable to Alto Tech;

(b)    not violating any laws, the Act, Regulations, Partnership Agreement, and Management Agreement applicable to Alto Tech;

(c)    exercising control and supervision over the members, partners and employees of the Alto Tech, and maintaining the divisions of authority and responsibility among the officers of Alto Tech;

(d)    reviewing each examination report of the affairs of Alto Tech by the SBA, to implement the directions and instructions contained in such reports and related SBA directives, and to establish and maintain procedures to ensure the correction and non-reoccurrence of any deficiencies or regulatory violations set forth therein;

ANSWER TO COMPLAINT

(e)    ensuring that Alto Tech did not engage in any unlawful or imprudent lending or investment practices;

(f)    upon receiving notice or information of any unlawful or imprudent lending or investment practice, conducting a thorough independent investigation, and acting promptly on all facts which such investigation would have disclosed;

(g)    adopting institutional policies or procedures, including but not limited to, lending or investment policies or procedures to ensure that Alto Tech does not engage in unlawful or imprudent business practices, and to ensure that the officers, principals and employees conduct the business and financial affairs of Alto Tech in accordance with the Act, the Regulations, Partnership Agreement, and Management Agreement applicable to Alto Tech;

(h)    taking such action as necessary to ensure that the loans and investments of Alto Tech are underwritten, approved, disbursed and collected in accordance with the Act, the Regulations, Partnership Agreement, and Management Agreement applicable to Alto Tech;

(i)    exercising independent judgment in the best interest of Alto Tech in the conduct of its business and financial affairs; and

(j)    not allowing any other directors, officers, employees, or associates to use the assets of Alto Tech for their own personal gain or for the benefit of their interests to the detriment of Alto Tech.

**ANSWER:**    The allegations of paragraph 29 of the Complaint are in the form of legal conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations of paragraph 29 of the Complaint.

30.    In addition to the duties set forth in Paragraph 29 above, the duties of the defendants as managers, general partners, principals and Control Persons of Alto Tech included, but were not limited to, the following:

(a)    investigating the creditworthiness of loan applicants, investees or their affiliates in accordance with the Act and the Regulations before committing, closing, and providing equity capital or debt financing;

(b)    investigating the background of companies and their principals, and analyzing the viability of a company' business and financial affairs before making equity capital or debt financing with Alto Tech's funds;

(c)    extending credit to companies or their affiliates only in accordance with the Act and the Regulations;

(d)    committing, cloning or disbursing funds to companies only after preparation and execution of appropriate loan or investment documentation, and otherwise ensuring that the company is using the funds consistent with the terms of the loan or investment; and monitoring and collecting financings, and

(e)    taking appropriate actions on troubled investments.

**ANSWER:**    The allegations of paragraph 30 of the Complaint are in the form of legal conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations of paragraph 30 of the Complaint.

31.    At all relevant times, each of the defendants was an officer, director, employee, agent or other participant in the management or conduct of the affairs of Alto Tech and owed to Alto Tech fiduciary duties with respect to their acts and transactions involving Alto Tech.

**ANSWER:**    Defendants deny the allegations in paragraph 31 of the Complaint.

32.    At all relevant times, each of the defendants also owed to Alto Tech ordinary duties of care, including without limitation duties of good faith and fair dealing, with respect to their acts and transactions involving Alto Tech.

**ANSWER:**    Defendants deny the allegations in paragraph 32 of the Complaint.

33.    At all relevant times, the defendants were also required with respect to their acts and transactions involving Alto Tech to obey applicable law and regulations and knew or should have known that their failure to do so would likely cause damage or loss of Alto Tech.

**ANSWER:**    Defendants deny the allegations in paragraph 33 of the Complaint.

//

//

ANSWER TO COMPLAINT

34.     Plaintiff's claim arise from and are predicated upon violations of the Act and the Regulations, breach of contract, as well as breach of duties, including fiduciary duties of care, loyalty, diligence and fair dealing owed by the defendants as set forth below.

**ANSWER:**     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     In April, 2004, Alto Tech filed suit in the United States District Court for the Northern District of California against Optiva, Inc. ("Optiva") and certain of its principals, but not including Andrew Wahl, alleging, inter alia, securities fraud, breach of contract and breach of fiduciary duty (the "Optiva Complaint"), captioned *Altotech II, LP v. Optiva, Inc.*, case no. C04-1464 (the "Optiva Litigation").  A copy of the Optiva Complaint is attached hereto as Exhibit D.

**ANSWER:**     Defendants admit that Alto Tech filed suit in the United States District Court for the Northern District of California against Optiva, Pavel Lazarev, Rodeny Ferguson, Alan Marty, and Robert Durham.  Defendants also respond that the Optiva Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36.     In the Optiva Complaint, Alto Tech, by and through ATV, its general partner, ATM, its Investment Advisor/Manager, Wahl, Lee and Triant, the principals managers and Control Persons of ATV, ATM and Alto Tech, admit the following:

(a)     On or about November 21, 2001, Wahl, Lee and Triant were introduced to the management of Optiva.  Optiva was in the process of recruiting executives to management the company while also raising capital in order to develop certain "nano" technology.

(b)     Optiva management provided Lee and Wahl a business plan and a White Paper and showed Lee and Wahl dozens of Russian patents as part of their presentation to solicit an investment by Alto Tech.  At that time, Lee and Wahl declined to have Alto Tech provide financing for Optiva.

(c)     In March, 2002, Optiva hired Andrew Wahl, defendant Wahl's husband, as its Chief Financial Officer.  Two month later in May 2002, Optiva promoted Andrew Wahl to Chief Executive Officer.

(d)     In May 2002, after Optiva hired Andrew Wahl as an officer, and thereafter promoting him, ATV, ATM, Wahl, Lee and Triant changed their minds with respect to investing with

ANSWER TO COMPLAINT

Optiva.  They decided and agree to provide Optiva with an equity investment of one million five hundred thousand dollars ($1,500,000.00) ("Series C Financing").

**ANSWER:**    Defendants respond that the Optiva Complaint speaks for itself.  Defendants deny that the Optiva Complaint contained admissions as to Defendants Gloria Chen Wahl and Walter T.G. Lee as they were not parties to that lawsuit.  Defendants also specifically deny the allegation contained in subparagraph (d) of paragraph 36 of the Complaint.  The Optiva Complaint specifically states at paragraph  41: "After Andrew Wahl was appointed to Optiva, Lee and Gloria Wahl agreed that Gloria Wahl would not be involved in deciding whether AltoTech would invest in Optiva, in order to avoid any appearance of impropriety." Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37.    Upon learning of the Optiva Complaint, the SBA in July 2004 sent a letter to ATV, Wahl, Lee and Triant seeking additional information regarding the facts and circumstances surrounding the Series C Financing and whether Alto Tech, ATV, ATM, Wahl, Lee and Triant violated the Act and the Regulations by investing in a company which employed Wahl's husband as an officer.

**ANSWER:**    Defendants admits that the SBA sent to ATV a letter in July 2004.  Defendants respond that the SBA's letter speaks for itself.  Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.    In letter (*sic*) dated July 27, 2004, Wahl responded to the SBA's inquiries and admitted the Series C violated the Act and the Regulations.  "After review and consultation with [counsel] we acknowledge that Alto Tech should have terminated its discussions with Optiva and reversed its decisions to go forward once Optiva had retained Andrew Wahl….We understand now that regardless of when a conflict arises in the investment cycle, an SBIC may not invest in a company when a conflict exists."  A copy of that letter is attached hereto as Exhibit E.

**ANSWER:**    Defendants admits that Defendant Gloria Wahl responded, in her representative capacity on behalf of ATV, in a letter dated July 27, 2004 addressed to Mr. Steve Knott at the SBA. Defendants admit that the July 27, 2007 letter is attached to the Complaint as Exhibit E.  Defendants respond that the ATV's letter speaks for itself.  Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.    Alto Tech's Series C Investment in Optiva is a conflict of interest and violates 13 CFR 107.730(a)(1).  As defined by 13 CFR 107.50, Andrew Wahl, as Wahl's husband, is a Close Relative of Alto Tech and thus an Associate of Alto Tech.  Andrew Wahl's position as an officer of Optiva made Optiva an Associate of Alto Tech.  Pursuant to 13 CFR 107.730(a), unless Alto Tech obtained prior written exemption from the SBA for special instance despite presenting a conflict of interest, Alto Tech was prohibited from directly or indirectly providing the Series C Financing to any Associates, including Optiva.

**ANSWER:**    The allegations of paragraph 39 of the Complaint are in the form of legal conclusions, to which no response is required.  Defendants also respond that the Act and the Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations of paragraph 39 of the Complaint except that Defendants admit that Andrew Wahl is Gloria Chen Wahl's husband.

40.    Alto Tech never obtained the SBA's written approval for the Series C Financing.

**ANSWER:**    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    The Series C Financing is now worthless.  Plaintiff is informed and believes and thereon alleges that Alto Tech only recovered $250,000 from Optiva on account of the Series C. Financing.

**ANSWER:**    Defendants admit that Alto Tech recovered $250,000 from Optiva as a result of the Optiva Litigation.  Defendant deny the remaining allegations in paragraph 41 of the Complaint.

## COUNT I

## BREACH OF FIDUCIARY DUTY AGAINST ATV, ATM, WAHL, LEE AND TRIANT

42.    Plaintiff hereby refers to Paragraphs 1 through 41, inclusive, and by such reference hereby incorporates and re-alleges them herein.

**ANSWER:**    Defendants incorporates by reference their responses to the allegations in Paragraphs 1 through 41, inclusive, and by such reference hereby incorporates them herein.

43.    The Act and the Regulations, as well as state law, impose fiduciary duties and obligations owed to Alto Tech on the Control Persons, officers, directors, managers, and general partners of Alto Tech.  Defendants ATV, ATM, Wahl, Lee and Triant, as the operating and controlling partners, managers, directors and Control Persons of Alto Tech were subject to these fiduciary duties and

13

responsibilities.  These fiduciary duties and obligations required that they act with fidelity, due care and diligence in the performance of their duties and responsibilities in the management and administration of the affairs of Alto Tech, and in the use and preservation of its property and assets.

**ANSWER:**    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Each of ATV, ATM, Wahl, Lee and Triant had the duty and responsibility to ensure that effective internal controls and safeguards were in place to prohibit mismanagement, conflicts of interest and personal profit to the detriment of Alto Tech, and to safeguard the financial soundness of Alto Tech.

**ANSWER:**    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Each of ATV, ATM, Wahl, Lee and Triant had an obligation to keep informed of the partnership's affairs and to exercise reasonable diligence in managing the partnership's business.  Each of ATV, ATM, Wahl, Lee and Triant were required to give their undivided loyalty to Alto Tech and to place Alto Tech's interests above their personal interests, to avoid any personal interest which conflicted with that of Alto Tech, and to discharge their responsibilities in the best interests of Alto Tech alone.

**ANSWER:**    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Additionally, the Act and Regulations, pursuant to 15 U.S.C. § 687f(b), make it unlawful for any officer, director, employee, agent or other participant in the management or conduct of the affairs of an SBIC to engage in any act or practice, or to omit any act in breach of his or her fiduciary duty as such officer, director, employee, agent or participant if, as a result, the SBIC suffers or is in imminent danger of suffering financial loss or other damage.

**ANSWER:**    Defendants respond that the Act and Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Pursuant to 15 U.S.C. § 687f(a), a violation of the Act or its Regulations by an SBIC is deemed a violation and an unlawful act on the part of any person who, directly or indirectly, authorizes, orders, participates in, or causes, brings about, counsels, aids, or abets in the commission of any acts, practices, or transactions which constitute the violation.

**ANSWER:**    Defendants respond that the Act and Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations in paragraph 47 of the Complaint.

//

14

ANSWER TO COMPLAINT

48.     Defendants ATV, ATM, Wahl, Lee and Triant, jointly and severally, breached their fiduciary duties by their negligence, gross negligence, and/or conscious disregard of the best interests of Alto Tech by failing to prevent, and by permitting, approving and/or authorizing and/or participating in the acts of mismanagement, conflicts of interest and self-dealing alleged in this Complaint, including, but not limited to, allowing and approving the Series C Financing.

**ANSWER:**     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     As the Receiver of Alto Tech, Plaintiff has been damaged and is entitle to recover the losses which resulted from the breaches of fiduciary duties committed by ATV, ATM, Wahl, Lee and Triant totaling at least $1,250,000.00.

**ANSWER:**     Defendants deny the allegations in paragraph 49 of the Complaint.

## COUNT II

## NEGLIGENCE AGAINST ATV, ATM, WAHL, LEE AND TRIANT

50.     Plaintiff hereby refers to Paragraphs 1 through 49, inclusive, and by such reference hereby incorporates and re-alleges them herein.

**ANSWER:**     Defendants incorporates by reference their responses to the allegations in Paragraphs 1 through 49, inclusive, and by such reference hereby incorporates them herein.

51.     The Act and the Regulations, as well as state law, impose fiduciary duties and obligations owed to Alto Tech on the Control Persons, officers, directors, managers, and general partners of Alto Tech.  Defendants ATV, ATM, Wahl, Lee and Triant, as the operating and controlling partners, managers, directors and Control Persons of Alto Tech were subject to these fiduciary duties and responsibilities.  These fiduciary duties and obligations required that they act with fidelity, due care and diligence in the performance of their duties and responsibilities in the management and administration of the affairs of Alto Tech.

**ANSWER:**     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Each of ATV, ATM, Wahl, Lee and Triant had the duty and responsibility to ensure that effective internal controls and safeguards were in place to prohibit mismanagement, conflicts of interest and personal profit to the detriment of Alto Tech, and to safeguard the financial soundness of Alto Tech. each of ATV, ATM, Wahl, Lee and Triant had the duty and responsibility to ensure that Alto Tech was

ANSWER TO COMPLAINT

1    operated and managed consistent with and according the requirements of the Act and Regulations.

2    **ANSWER:**    Defendants deny the allegations in paragraph 52 of the Complaint.

3    53.    The Act and Regulations, pursuant to 15 U.S.C. § 687f(b), make it unlawful for any

4    officer, director, employee, agent or other participant in the management or conduct of the affairs of an

5    SBIC to engage in any act or practice, or to omit any act in breach of his or her fiduciary duty as such

6    officer, director, employee, agent or participant if, as a result, the SBIC suffers or is in imminent danger

7    of suffering financial loss or other damage.

8    **ANSWER:**    Defendants respond that the Act and Regulations speak for themselves.  To the

9    extent a response may be required, Defendants deny the allegations in paragraph 53 of the Complaint.

10    54.    Pursuant to 15 U.S.C. § 687f(a), a violation of the Act or its Regulations by an SBIC is

11    deemed a violation and an unlawful act on the part of any person who, directly or indirectly, authorizes,

12    orders, participates in, or causes, brings about, counsels, aids, or abets in the commission of any acts,

13    practices, or transactions which constitute the violation.

14    **ANSWER:**    Defendants respond that the Act and Regulations speak for themselves.  To the

15    extent a response may be required, Defendants deny the allegations in paragraph 54 of the Complaint.

16    55.    Defendants ATV, ATM, Wahl, Lee and Triant, jointly and severally, breached their

17    duties by their negligence, gross negligence, and/or conscious disregard of the best interests of Alto

18    Tech by failing to prevent, and by permitting, approving and/or authorizing and/or participating in the

19    acts of mismanagement, conflicts of interest and self-dealing alleged in this Complaint, including, but

20    not limited to, allowing and approving the Series C Financing.

21    **ANSWER:**    Defendants deny the allegations in paragraph 55 of the Complaint.

22    56.    As the Receiver of Alto Tech, Plaintiff has been damaged and is entitle to recover the

23    losses which resulted from the breaches of fiduciary duties committed by ATV, ATM, Wahl, Lee and

24    Triant totaling at least $1,250,000.00.

25    **ANSWER:**    Defendants deny the allegations in paragraph 56 of the Complaint.

26    //

27    //

28    //

ANSWER TO COMPLAINT

## COUNT III

## BREACH OF THE PARTNERSHIP AGREEMENT AGAINST

## ATV, WAHL, LEE AND TRIANT

57.     Plaintiff hereby refers to Paragraphs 1 through 56, inclusive, and by such reference hereby incorporates and re-alleges them herein.

**ANSWER:**     Defendants incorporates by reference their responses to the allegations in Paragraphs 1 through 56, inclusive, and by such reference hereby incorporates them herein.

58.     On or about April 7, 2000, ATV entered into the Partnership Agreement with Alto Tech.

**ANSWER:**     Defendants admit the allegations in paragraph 58 of the Complaint.

59.     Plaintiff and Alto Tech have performed all conditions, covenants and promises required of it under the Partnership Agreement, except where performance was prevented or excused by Defendants' conduct.

**ANSWER:**     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Pursuant to 15 U.S.C. § 687f(a), a violation of the Act or its Regulations by an SBIC is deemed a violation and an unlawful act on the part of any person who, directly or indirectly, authorizes, orders, participates in, or causes, brings about, counsels, aids, or abets in the commission of any acts, practices, or transactions which constitute the violation.

**ANSWER:**     Defendants respond that the Act and Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Under applicable state law, Wahl, Lee and Triant, as managers of ATV, are personally liable for judgments, debts, obligations, or liabilities of ATV on account of their personal participation in tortuous, wrongful or criminal conduct when performing their duties as managers of ATV.

**ANSWER:**     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Under paragraph 2.02(ii) of the Partnership Agreement, ATV, Wahl, Lee and Triant agreed not to "lend any assets of the Partnership to…the Investment Advisor/Manager, or any director, officer, partner, stockholder, employee or Affiliate of the General Partner or the Investment Advisor/Manager…"

//

**ANSWER:**    Defendants respond that the Partnership Agreement speaks for itself.  To the extent a response may be required, Defendants deny the allegations in paragraph 62 of the Complaint.

63.    Under paragraph 2.02(v) of the Partnership Agreement, ATV agreed not to invest in any company in which an SBIC is prohibited from investing by the Act.

**ANSWER:**    Defendants respond that the Partnership Agreement speaks for itself.  To the extent a response may be required, Defendants admit the allegations in paragraph 63 of the Complaint.

64.    Defendants ATV, Wahl, Lee and Triant breached the terms of the Partnership Agreement, by among other things, providing the Series C Financing to Optiva as the Series C Financing violated the Act and Regulations as set forth herein.

**ANSWER:**    Defendants deny the allegations in paragraph 64 of the Complaint.

65.    As the Receiver of Alto Tech, Plaintiff has been damaged and is entitle to recover the losses which resulted from the breaches of fiduciary duties committed by ATV, ATM, Wahl, Lee and Triant totaling at least $1,250,000.00.

**ANSWER:**    Defendants deny the allegations in paragraph 65 of the Complaint.

<u>COUNT IV</u>

<u>BREACH OF THE MANAGMENT AGREEMENT AGAINST</u>

<u>ATV, WAHL, LEE AND TRIANT</u>

66.    Plaintiff hereby refers to Paragraphs 1 through 65, inclusive, and by such reference hereby incorporates and re-alleges them herein.

**ANSWER:**    Defendants incorporates by reference their responses to the allegations in Paragraphs 1 through 66, inclusive, and by such reference hereby incorporates them herein.

67.    On or about April 7, 2000, ATM entered into the Management Agreement with Alto Tech.

**ANSWER:**    Defendants deny the allegations in paragraph 67 of the Complaint.

68.    Plaintiff and Alto Tech have performed all conditions, covenants and promises required of it under the Management Agreement, except where performance was prevented or excused by Defendants' conduct.

**ANSWER:**    Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Pursuant to 15 U.S.C. § 687f(a), a violation of the Act or its Regulations by an SBIC is deemed a violation and an unlawful act on the part of any person who, directly or indirectly, authorizes, orders, participates in, or causes, brings about, counsels, aids, or abets in the commission of any acts, practices, or transactions which constitute the violation.

**ANSWER:**     Defendants respond that the Act and Regulations speak for themselves.  To the extent a response may be required, Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Under applicable state law, Wahl, Lee and Triant, as managers of ATV, are personally liable for judgments, debts, obligations, or liabilities of ATV on account of their personal participation in tortuous, wrongful or criminal conduct when performing their duties as managers of ATV.

**ANSWER:**     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Under paragraph 2 of the Management Agreement, ATM agreed to locate, develop, investigate, analyze and present to Alto Tech "suitable investment opportunities, which are consistent with the Partnership's status as an SBIC and with the policies of the Partnership as established from time to time by the Partnership's General Partner."

**ANSWER:**     Defendants respond that the Management Agreement speaks for itself.  To the extent a response may be required, Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants ATM, Wahl, Lee and Triant breached the terms of the Management Agreement, by among other things, developing, investigating analyzing and presenting the Series C Financing to Optiva as a suitable investment opportunity consistent with Alto Tech's status as a SBIC under the Act and Regulations.  In fact, the Series C Financing violated the Act and Regulations as set forth herein.

**ANSWER:**     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     As the Receiver of Alto Tech, Plaintiff has been damaged and is entitle to recover the losses which resulted from the breaches of fiduciary duties committed by ATV, ATM, Wahl, Lee and Triant totaling at least $1,250,000.00.

**ANSWER:**     Defendants deny the allegations in paragraph 73 of the Complaint.

//

//

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction of Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendants actions were not the proximate cause of any loss suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims against Defendants are barred because Defendants are not parties to the Partnership Agreement or the Management Services Agreement.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims are barred by the economic loss doctrine.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts all other affirmative defenses as may be revealed in the course of discovery.

//
//
//
//
//

ANSWER TO COMPLAINT

**WHEREFORE** Defendants Gloria Chen Wahl and Walter T.G. Lee request:

1.       That Plaintiff take nothing by this Complaint, or that any damages be reduced according to law;

2.       For judgment and dismissal of all claims;

3.       For Defendants' costs and disbursements incurred herein; and

4.       For such other and further relief as this Court may deem proper.


## JURY DEMAND

Defendants Gloria Chen Wahl and Walter T.G. Lee request a trial by jury.


Respectfully submitted,

Dated: November 5, 2007                    WILDMAN, HARROLD, ALLEN & DIXON LLP


By:  ___/s/ *Chung-Han Lee*_____
                              Chung-Han Lee

Craig M. White (to be admitted *pro hac vice*)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606
Tel: (312) 201-2000
Fax: (312) 201-2555
white@wildman.com
chunglee@wildman.com

Damien P. Lillis (SBN 191258)
The Davis Law Firm, APC
625 Market Street, 12th Floor
San Francisco, California 94105
Tel: (415) 278-1400
Fax: (415) 278-1417
DLillis@sfdavislaw.com


Attorney for Defendants
Gloria Chen Wahl and Walter T.G. Lee

ANSWER TO COMPLAINT