1  JACK RUSSO (State Bar No. 96068)
   JOHN KELLEY (State Bar No. 100714)
2  RUSSO & HALE LLP
   401 Florence Street
3  Palo Alto, CA 94301
   Telephone: (650) 327-9800
4  Facsimile: (650) 327-3737
   Email: jrusso@computerlaw.com
5  Email: jkelley@computerlaw.com

6  Attorneys for Defendant
   THANOS TRIANT

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

                       SAN FRANCISCO DIVISION
10

11  United States Small Business Administration       Case No.  C 07 4530 SC
    in its capacity as Receiver for Alto Tech II,
12  L.P.,                                             **DEFENDANT THANOS TRIANT'S
                                                      ANSWER TO COMPLAINT**
13           Plaintiff,

14                vs.

15  Alto Tech Ventures, LLC, a Delaware limited
    liability company; Alto Tech Management,
16  LLC, a California limited liability company;
    Gloria Chen Wahl, an individual; Walter T.G.
17  Lee, an individual, and Thanos Triant, an
    individual,
18
             Defendants.
19

20
                        **ANSWER TO COMPLAINT**
21

22          Defendant THANOS TRIANT (hereinafter collectively "Defendant" or "Triant") states as

23  follows for his Answer to the Complaint and each paragraph thereto in correspondence with the

24  numbered paragraphs below:

                              **PARTIES**
25

26          1.      Defendant admits the allegations of Paragraph 1 of the Complaint except that

27  Defendant denies that this case is related to the action captioned *United States of America v. Alto

28  Tech II, L.P.*, case number C06-3879 EMC, pending in this Court (the "Receivership Action").

1    2.    Defendant admits that the Receiver maintains its principal place of business in

2  Washington, D.C.; except as admitted by the foregoing, Defendant lacks sufficient knowledge or

3  information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the

4  Complaint, and therefore denies those allegations.

5    3.    Defendant admits the allegations in Paragraph 3 of the Complaint and admits that

6  the Partnership Agreement is attached to the Complaint as Exhibit B; however, Defendant

7  specifically denies that Thanos Triant is a party to the Partnership Agreement.

8    4.    Defendant admits that Alto Tech Ventures, LLC is a Delaware limited liability

9  company and that ATV is Alto Tech's managing general partner Alto Tech Ventures, LLC

10  ("ATV"); however, Defendant lacks sufficient knowledge or information to form a belief as the

11  truth of the remaining allegations set forth in Paragraph 4 of the Complaint, and therefore denies

12  those allegations.

13    5.    Defendant admits that Alto Tech Management, LLC ("ATM") is a California

14  limited liability company; however, Defendant lacks sufficient knowledge or information to form a

15  belief as the truth of the remaining allegations set forth in Paragraph 5 of the Complaint, and

16  therefore denies those allegations.

17    6.    Defendant lacks sufficient knowledge or information to form a belief as the truth of

18  the allegations set forth in Paragraph 6 of the Complaint, and therefore denies those allegations.

19    7.    Defendant lacks sufficient knowledge or information to form a belief as the truth of

20  the remaining allegations set forth in Paragraph 7 of the Complaint, and therefore denies those

21  allegations.

22    8.    Defendant admits the allegations of Paragraph 8 of the Complaint.

23    9.    Defendant denies the allegations in Paragraph 9 of the Complaint.

24    **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

25    10.    The allegations of this Paragraph 10 of the Complaint are legal conclusions and for

26  which no response is necessary or appropriate; however, notwithstanding the foregoing, Defendant

27  denies each and every allegation of Paragraph 10 of the Complaint.

28  //

11.     Defendant admits the allegations of Paragraph 11 except that Defendant denies each and every legal conclusion set forth therein including that this action is ancillary to or otherwise related to the Receivership Action.

12.     Defendant admits the allegations of Paragraph 12 of the Complaint.

## COMMON ALLEGATIONS

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies those allegations.

14.     The allegations of Paragraph 14 of the Complaint are in the form of legal conclusions, to which no response is required and the Act and the Regulations speak for themselves, as a matter of law; notwithstanding the foregoing, Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations of Paragraph 15 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 15 of the Complaint.

16.     The allegations of Paragraph 16 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 16 of the Complaint.

17.     The allegations of Paragraph 17 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     The allegations of Paragraph 18 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Defendant admits the allegations of Paragraph 19 of the Complaint.

20.     Defendant admits that ATV was Alto Tech's managing general partner; however, Triant denies that he was a managing member of ATV at all relevant times and otherwise denies the remaining allegations of Paragraph 20 of the Complaint.

21.    Defendant admits that ATM acted as the Investment Advisor/Manager for Alto Tech pursuant to the terms of that certain Management Services Agreement between Alto Tech and ATM dated April 12, 2000; however, Triant denies that he was a managing member of ATM at all relevant times and otherwise denies the remaining allegations of Paragraph 21 of the Complaint.

22.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies those allegations.

23.    Defendant denies that he was a "Control Person" within the meaning of 13 CFR 107.50 and otherwise denies the allegations of Paragraph 23 of the Complaint.

24.    Defendant denies the allegations of Paragraph 24 of the Complaint.

25.    Defendant denies the allegations of Paragraph 25 of the Complaint.

26.    The allegations of Paragraph 26 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     The allegations of Paragraph 27 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 27 of the Complaint.

28.    The allegations of Paragraph 28 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 28 of the Complaint.

29.    The allegations of Paragraph 29 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 29 of the Complaint.

30.    The allegations of Paragraph 30 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 30 of the Complaint.

31.    Defendant denies the allegations of Paragraph 31 of the Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the Complaint.

1    33.    Defendant denies the allegations in Paragraph 33 of the Complaint.

2    34.    Defendant denies the allegations in Paragraph 34 of the Complaint.

3    35.    Defendant admits that Alto Tech filed suit in the United States District Court for the

4    Northern District of California against Optiva and certain other defendants and that the Optiva

5    Complaint speaks for itself; except as admitted by the foregoing, Defendant denies the remaining

6    allegations in Paragraph 35 of the Complaint.

7    36.    Defendant denies that the Optiva Complaint contained admissions as to Defendant

8    Triant as he was not a party to that lawsuit and Defendant otherwise denies the remaining

9    allegations of Paragraph 36 of the Complaint.

10    37.    Defendant lacks sufficient knowledge or information to form a belief as to the truth

11    of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies those

12    allegations.

13    38.    Defendant lacks sufficient knowledge or information to form a belief as to the truth

14    of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies those

15    allegations.

16    39.    The allegations of Paragraph 39 of the Complaint are in the form of legal

17    conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the

18    allegations of Paragraph 39 of the Complaint.

19    40.    Defendant denies the allegations of Paragraph 40 of the Complaint.

20    41.    Defendant lacks sufficient knowledge or information to form a belief as to the truth

21    of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies those

22    allegations.

23    **<u>COUNT I</u>**

24    **<u>BREACH OF FIDUCIARY DUTY AGAINST ATV, ATM, WAHL, LEE AND TRIANT</u>**

25    42.    Defendant incorporates by reference his responses to the allegations in Paragraphs 1

26    through 41, inclusive; by such reference hereby incorporates them as though set forth herein at

27    length.

28    43.    Defendant denies the allegations of Paragraph 43 of the Complaint.

44.    Defendant denies the allegations of Paragraph 44 of the Complaint.

45.    Defendant denies the allegations of Paragraph 45 of the Complaint.

46.    The allegations of Paragraph 46 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 46 of the Complaint.

47.    The allegations of Paragraph 47 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 47 of the Complaint.

48.    Defendant denies the allegations of Paragraph 48 of the Complaint.

49.    Defendant denies the allegations of Paragraph 49 of the Complaint.

## COUNT II

## NEGLIGENCE AGAINST ATV, ATM, WAHL, LEE AND TRIANT

50.    Defendant incorporates by reference his responses to the allegations in Paragraphs 1 through 49, inclusive; by such reference hereby incorporates them as though set forth herein at length.

51.    Defendant denies the allegations of Paragraph 51 of the Complaint.

52.    Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    The allegations of Paragraph 53 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 53 of the Complaint.

54.    The allegations of Paragraph 54 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 54 of the Complaint.

55.    Defendant denies the allegations of Paragraph 55 of the Complaint.

56.    Defendant denies the allegations of Paragraph 56 of the Complaint.

//

//

//

1

## COUNT III

2

## BREACH OF THE PARTNERSHIP AGREEMENT AGAINST

3

## ATV, WAHL, LEE AND TRIANT

4   57. Defendant incorporates by reference his responses to the allegations in Paragraphs 1

5 through 56, inclusive; by such reference hereby incorporates them as though set forth herein at

6 length.

7   58. Defendant admits the allegations of Paragraph 58 of the Complaint.

8   59. Defendant denies the allegations of Paragraph 59 of the Complaint.

9   60. The allegations of Paragraph 60 of the Complaint are in the form of legal

10 conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the

11 allegations of Paragraph 60 of the Complaint.

12   61. Defendant denies the allegations of Paragraph 61 of the Complaint.

13   62. Defendant denies the allegations of Paragraph 62 of the Complaint.

14   63. Defendant denies the allegations of Paragraph 63 of the Complaint.

15   64. Defendant denies the allegations of Paragraph 64 of the Complaint.

16   65. Defendant denies the allegations of Paragraph 65 of the Complaint.

17

## COUNT IV

18

## BREACH OF THE MANAGMENT AGREEMENT AGAINST

19

## ATV, WAHL, LEE AND TRIANT

20   66. Defendant incorporates by reference his responses to the allegations in Paragraphs 1

21 through 65, inclusive; by such reference hereby incorporates them as though set forth herein at

22 length.

23   67. Defendant denies the allegations of Paragraph 67 of the Complaint.

24   68. Defendant denies the allegations of Paragraph 68 of the Complaint.

25   69. The allegations of Paragraph 69 of the Complaint are in the form of legal

26 conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the

27 allegations of Paragraph 69 of the Complaint.

28   70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71.    The allegations of Paragraph 71 of the Complaint are in the form of legal conclusions, to which no response is required; notwithstanding the foregoing, Defendant denies the allegations of Paragraph 71 of the Complaint.

72.    Defendant denies the allegations of Paragraph 72 of the Complaint.

73.    Defendant denies the allegations of Paragraph 73 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction of Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendant's actions were not the proximate cause of any loss suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims against Defendant are barred because Defendant is not a party to the Partnership Agreement or the Management Services Agreement and because Defendant discontinued with and was separated as a member from the partnership and the management company.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims are barred by the economic loss doctrine.

1    **TENTH AFFIRMATIVE DEFENSE**

2    Plaintiff's claims against this Defendant are barred because this Defendant committed no

3    act or omission in violation of any right of Plaintiff and this Defendant discontinued with and was

4    separated as a member from the partnership and the management company.

5    **PRAYER FOR DISMISSAL AND RELIEF**

6    **WHEREFORE,** Defendant Thanos Triant requests and otherwise prays:

7    1.    That Plaintiff take nothing by this Complaint;

8    2.    For judgment and dismissal of all claims, with prejudice;

9    3.    For Defendant's costs and disbursements incurred herein; and

10    4.    For such other and further relief as this Court may deem proper.

11    Respectfully submitted,

12    Dated: November 5, 2007        RUSSO & HALE LLP

13

14    By:   _/s/ Jack Russo_
              Jack Russo, Attorney for Defendant Triant

15

16

17

18

19

20

21

22

23

24

25

26

27

28