Gregory C. Nuti (Bar No. 151754)
Schnader Harrison Segal & Lewis LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Arlene P. Messinger
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 3rd Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone (202) 205-6857
Facsimile (202) 481-0325

Attorneys for Plaintiff,
United States Small Business Administration
in its capacity as Receiver for Alto Tech II, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| United States Small Business Administration in its capacity as Receiver for Alto Tech II, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> Alto Tech Ventures, LLC, a Delaware limited liability company; Alto Tech Management, LLC, a California limited liability company; Gloria Chen Wahl, an individual; Walter T.G. Lee, an individual and Thanos Triant, an individual, <br><br> Defendants. | Case No. C07 4530 SC <br><br> **AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: April 25, 2008 <br> Time: 10:00 a.m. <br> Courtroom 1, 17th Floor <br> 450 Golden Gate Ave <br> San Francisco, CA <br> Honorable Sam Conti |

Plaintiff the United States Small Business Administration ("SBA") in its capacity as Receiver for Alto Tech II, L.P. ("Alto Tech") and defendants Gloria Chen Wahl, Walter T.G. Lee and Thanos Triant hereby submit their Amended Joint Case Management Conference

Statement[1] to inform the Court that the parties were not able to settle this matter during the Settlement Conference held by Magistrate Judge Brazil on April 3, 2008.

### 1. **Jurisdiction and Service**

The basis for the Court's jurisdiction is 15 U.S.C. § 687c, the Small Business Investment Act of 1958 (the "Act") as implemented by 13 CFR Part 107 (the "Regulations"). The Court has jurisdiction over this action pursuant to 28 U.S.C § 1331, 15 U.S.C. §§ 687c and 687h, 28 U.S.C. §§ 754, 1692 and 1367 and the Stipulation for Consent Order of Receivership dated June 21, 2006 ("Consent Order) issued by this Court in the action captioned *United States of America v. Alto Tech II, L.P.,* case number C06-3879 EMC, pending in this Court ("Receivership Action").  Those causes which arise under the laws of the States of California and Delaware are pendent or ancillary causes under 28 U.S.C. § 1367 to the Receivership Action. The Defendants have not admitted jurisdiction.

Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because the Defendants maintain offices, transact business, or reside within the District. Venue is also proper pursuant to 28 U.S.C. § 754 as this action is ancillary to this Court's exclusive jurisdiction over the Receivership Estate of Alto Tech.

All defendants have been served.  Alto Tech Ventures LLC and Alto Tech Management, LLC have failed to file a responsive pleading.  Plaintiff is in the process of taking their defaults.  Gloria Chen Wahl, Walter T. G. Lee and Thanos Triant have each filed answers to the complaint.

### 2. **Allegations**

SBA is the Receiver for Alto Tech pursuant to the terms of this Court's Stipulation for Consent Order of Receivership ("Consent Order") filed June 21, 2006 in the above referenced Receivership Action.  The Receiver was appointed for the purpose of, among other things, investigating, preserving and pursuing claims of Alto Tech.  This action stems from

---

[1] Corporate defendants Alto Tech Ventures, LLC and Alto Tech Management LLC have been served with the summons and complaint but have not filed a responsive pleading.  The Receiver filed a request to take a default against these defendants on November 27, 2007.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

1  the Defendants involvement in an investment by Alto Tech prohibited by the Act and
2  Regulations.
3          On August 22, 2007, this Court in the Receivership Action issued its Order
4  Modifying Stay of Proceedings For Limited Purpose ("Order Modifying Stay") authorizing the
5  Receiver to commence and prosecute the instant complaint against Alto Tech Ventures LLC,
6  Alto Tech Management, LLC, Gloria Chen Wahl, Walter T. G. Lee and Thanos Triant
7  (collectively, "Defendants"). On August 31, 2007, the Receiver filed the instant complaint
8  against the Defendants in asserting claims for breach of fiduciary duty, negligence and breach of
9  contract.
10         Alto Tech was formed for the purpose operating as a venture capital fund licensed
11 as a SBIC under the Act and the Regulations and holds U.S. Small Business Administration
12 Small Business Investment Company License No. 09/79-0431. Alto Tech Ventures, LLC was
13 Alto Tech's managing general partner. Alto Tech Management, LLC acted as the Investment
14 Advisor/Manager for Alto Tech. Defendants Wahl, Lee and Triant (collectively, the "Individual
15 Defendants") were at times the managing members of both Alto Tech Ventures and Alto Tech
16 Management (collectively, the "Corporate Defendants"). Defendant Thanos Triant asserts that
17 he subsequently separated from and discontinued with any management role with any of the
18 other Defendants.
19         Plaintiff's claims arise from and are predicated upon violations of the Act and the
20 Regulations in that the Corporate Defendants and Individual Defendants, while in control of Alto
21 Tech, allowed Alto Tech to invest $1.5 million in a company, Optiva, which employed Gloria
22 Wahl's husband, Andrew Wahl, as an officer. More specifically, in March 2002, Optiva hired
23 Andrew Wahl as its Chief Financial Officer. Two months later in May 2002, Optiva promoted
24 Andrew Wahl to Chief Executive Officer. In May 2002, after Optiva hired Andrew Wahl as an
25 officer, Alto Tech provided Optiva with an equity investment of one million five hundred
26 thousand dollars ($1,500,000.00)(the "Series C Financing").
27 ///
28 ///

3. **Legal Issues**

Plaintiff asserts that the Act and Regulations address and prohibit conflicts of interest involving SBICs.  The Regulations prohibit financings that constitute conflicts of interests and prohibits self dealing to the prejudice of the SBIC, its shareholders, its partners, or the SBA and specifically prohibits financing to any Associates as defined by 13 CFR § 107.50.  Plaintiff alleges that the Corporate Defendants and Individual Defendants each were Control Persons as defined under the Act and Regulations.  Plaintiff further alleges that the Corporate Defendants and Individual Defendants violated the Act and Regulations when they participated in the Series C financing to Optiva while Andrew Wahl was an officer of Optiva.  Plaintiff further alleges that under the Act and Regulations, as well as applicable state law, the Individual Defendants are personally liable for the damages suffered by Alto Tech as a result of the prohibited Series C Financing.

Defendants generally deny the factual and legal assertions of the Plaintiff.

In addition, Defendant Thanos Triant alleges, among other things, that (a) he is not personally liable for the acts or omissions of the other Defendants, (b) he was not the proximate cause of any loss suffered by Plaintiff, (c) Plaintiff's contract claims against him are barred because he is not a party to the Partnership Agreement or the Management Services Agreement, he separated from and discontinued with any management role with any of the other Defendants, and (c) all of Plaintiff's claims against him are barred because he separated from and discontinued with any management role with any of the other Defendants, and for other reasons as well.

4. **Motions**

Plaintiff believes that a motion for summary judgment or partial summary judgment is now appropriate to narrow issues given that settlement was not obtained through the ADR process.

Defendants believe that a number of the legal issues framed by the Plaintiff can be resolved by summary judgment as well.

PHDATA 3084684_1

### 5. **Amendments of Pleadings**

The parties do not at this time anticipate any amendments to the pleadings, although the parties reserve their right to amend the pleadings based upon further information, investigation, or research.

### 6. **Evidence Preservation**

Alto Tech is no longer operating. Under the Consent Order, Defendants turned over possession of Alto Tech's books and records to Plaintiff. Plaintiff has preserved the books and records it has received.

### 7. **Disclosures**

The parties have agreed to exchange the disclosures required by Federal Rule of Civil Procedure 26 on or before December 1, 2007.

### 8. **Discovery**

Prior to the Initial Case Management Conference, the parties agreed to refer this matter to a Magistrate under this Court's ADR program. The Settlement Conference before Magistrate Judge Brazil was held on April 3, 2008, and the parties were not able to settle this matter. The parties had agreed not to conduct any formal discovery prior to the Settlement Conference. The parties agree that the filing of a summary judgment motion could narrow the issues and the scope of discovery. If formal discovery is to be conducted, the parties anticipate written discovery and witness depositions. The parties do not at this time anticipate a need for experts. The parties estimate they will require approximately four (4) months to complete discovery.

### 9. **Class Action**

This is not a class action.

### 10. **Related Cases**

The Court in the Receivership Action found pursuant to an Order issued October 1, 2007 that this matter is not related to the Receivership Action.

11. **Relief Sought**

Plaintiff seeks money damages of $1.250 million against the Defendants. The damages are calculated based upon the value of the allegedly wrongful $1.5 million investment in Optiva, less $250,000 Alto Tech recovered on that investment.

12. **Settlement and ADR**

Gloria Wahl and Walter Lee engaged in preliminary settlement negotiations with the Receiver prior to the filing of the complaint. Individual Defendants and Plaintiff agreed to submit this matter to a Magistrate pursuant to this Court's ADR Procedures. The Settlement Conference before Magistrate Judge Brazil was held on April 3, 2008, and the parties were not able to settle this matter.

13. **Consent to Magistrate Judge for All Purposes**

The parties do not at this time consent to a Magistrate Judge for all purposes.

14. **Other References**

The parties do not at this time see a need for any other reference.

15. **Narrowing of Issues**

Plaintiff contends that a motion for summary judgment or partial summary judgment is now appropriate to narrow issues and scope of discovery.

Defendants believe that a number of the legal issues framed by the Plaintiff can be resolved by summary judgment as well.

16. **Expedited Schedule**

The parties do not at this time see a need for any expedited or streamlined procedures.

17. **Scheduling**

Depending upon the outcome of dispositive motions, the Court and parties may thereafter set discovery deadlines, the pre-trial conference and trial as the Court's schedule permits.

18. **Trial**

Plaintiff has not requested a jury trial. The Individual Defendants have requested a jury trial. Plaintiff estimates trial will take 1-2 days. Defendants estimate trial will take 5 days.

19. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiff is a governmental entity. Therefore, no disclosures pursuant to Local Rule 3-16 are required.

Dated: April 23, 2008                    SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Gregory C. Nuti
    Gregory C. Nuti
    Attorney for Plaintiff, the United States
    Small Business Administration in its
    capacity as Receiver for Alto Tech II, L.P.

Dated: April 23, 2008                    RUSSO & HALE LLP

By: /s/ Jack Russo
    Jack Russo
    Attorney for Defendant Thanos Triant

Dated: April 23, 2008                    WILDMAN, HARROLD ALLEN & DIXON LLP

By: /s/ Craig White
    Craig White
    Attorney for Defendants Gloria Wahl and
    Walter T.G. Lee

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700